UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, As Trustee Under The Pooling And Servicing Agreement Dated As Of February 1, 2007, Gsamp Trust 2007-NC1, Mortgage Pass-Through Certificates, Series 2007-NC1,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TERI AVAKIAN-HUGHES, TIMOTHY WILLIAM HUGHES, And Does 1 Through 5, inclusive,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 3:17-cv-00378-AJB-KSC<br><br>**ORDER DISMISSING DEFENDANTS' COMPLAINT PURSUANT TO 28 U.S.C. § 1915 AND DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT** |

This matter is before the Court on Defendants Teri Avakian-Hughes and Timothy Williams Hughes' ("Defendants") motion for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (Doc. No. 2.) For the following reasons, the Court sua

---

[1] The named Plaintiff originated this case against Defendants as an unlawful detainer action in the Superior Court of San Diego, Case No.: 37-2016-0041396-CL-UD-CTL, and the matter was

1

sponte **DISMISSES** Defendants' complaint for failure to state a claim upon which relief may be granted. As such, the Court **DENIES** Defendants' IFP motion **AS MOOT**.

## LEGAL STANDARD

28 U.S.C. § 1915(a) allows a court to authorize a lawsuit's commencement without payment of the filing fee if the plaintiff submits an affidavit demonstrating his or her inability to pay the filing fee. Such affidavit must include a complete statement of the plaintiff's personal assets. (*Id.*) An IFP action is subject to dismissal, however, if the Court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages against a defendant who is immune from liability for such damages. *Id.* § 1915(e)(2). The Ninth Circuit has indicated that leave to proceed IFP pursuant to 28 U.S.C. § 1915(a) is properly granted only when the plaintiff has demonstrated poverty and presented a claim that is not factually or legally frivolous. *See Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). Thus, a court "may deny leave to proceed in forma pauperis at the outset if it appears from the fact of the proposed complaint that the action is frivolous or without merit." *Id.* (citing *Reece v. Washington*, 310 F.2d 139, 140 (9th Cir. 1962); *Smart v. Heinze,* 347 F.2d 114, 116 (9th Cir. 1965)). "It is the duty of the District Court to determine whether the proceeding has merit[,] and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis." *Smart*, 347 F.2d at 116 (citations omitted).

//

---

subsequently removed to this Court on February 24, 2017. (Doc. No. 1.) However, the operative complaint now before the Court is Defendants' Teri Avakian-Hughes and Timothy Williams Hughes' action against Plaintiff U.S. Bank N.A. as Trustee, for violations of 12 U.S.C. § 2601, *et seq*., or the Real Estate Settlement Procedures Act ("RESPA"), (Doc. No. 1), and Defendants' motion to proceed IFP, (Doc. No. 2.) Notwithstanding the party information listed in the caption, the named Defendants in this action are to be treated as plaintiffs for purposes of analyzing their complaint and IFP motion. Accordingly, Defendants Teri Avakian-Hughes and Timothy Williams Hughes will be referred to as "Plaintiffs" for the remainder of this Order.

## DISCUSSION

Because Plaintiffs are proceeding *pro se*, the Court construes Plaintiffs' pleadings liberally, *see Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001), though Plaintiffs are still required to plead enough facts to provide notice of what they think Defendant did wrong, *see Brazil v. U.S. Dep't of Navy,* 66 F.3d 193, 199 (9th Cir. 1995). Accordingly, construing the complaint liberally does not entail adding "essential elements of the claim that were not initially pled." *Ivey v. Bd. Of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Upon review of Plaintiffs' complaint, the Court concludes that it does not survive the mandatory screening under § 1915.

Plaintiffs' complaint alludes to U.S. Bank's "disregard" of "the purchase of a property that was wrongfully foreclosed," a "tainted trustee sale," and an "unjust eviction." (Doc. No. 1 ¶¶ 6-7.) Plaintiffs contend that certain enumerated requirements of RESPA were never met and cite to sections 2605(a), (b)(1), and (b)(3)(A)-(D). (*Id.* ¶ 8.) Plaintiffs further allege that they "never received a notice, no correspondence and no response to [their] 'status' as a) resident, b) homeowner or c) occupier in the property" and that this conduct is violative of U.S. Bank's duty as a lender and dealer pursuant to RESPA "to disclose their relationship to [them]." (*Id.* ¶ 9.)

Congress enacted RESPA in part to "insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges by certain abusive practices." 12 U.S.C. § 2601(a). RESPA creates a private right of action for three types of wrongful acts: "(1) payment of a kickback and unearned fees for real estate settlement services, 12 U.S.C. § 2607(a), (b); (2) requiring a buyer to use a title insurer selected by the seller, 12 U.S.C. § 2608(b); and (3) the failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a qualified written request for information about a loan, 12 U.S.C. § 2605(f)." *Choudhuri v. Wells Fargo Bank, N.A.*, No. C 11-00518 SBA, 2011 WL 5079480, at *8 (N.D. Cal. Oct. 25, 2011) (citing *Patague*

*v. Wells Fargo Bank, N.A.*, No. C 10-03460 SBA, 2010 WL 4695480, at *3 (N.D. Cal. Nov. 8, 2010)).

Even when liberally construed, Plaintiffs' complaint falls far short of pleading sufficient facts to give Defendant notice of their claim. Plaintiffs do not allege any facts regarding their status in relation to the subject property, their relationship to U.S. Bank, or any detail regarding the circumstances of their grievance, including relevant dates and locations. Even though Plaintiffs cite to the specific provision in RESPA regarding the nondisclosure of loan transfers and allege Defendant is a lender, (Doc. No. 1 ¶¶ 2, 8), it remains difficult for the Court to construe exactly what alleged wrong occurred in light of such vague factual allegations. *See Grant v. Shapiro & Burson, LLP, et al.*, 871 F. Supp. 2d 462, 471 (D. Md. 2012) ("beyond [plaintiff's] legal conclusion that Defendants . . . failed to inform [her] of the actual transfer, she sets forth no information at all about this issue.") (emphasis in original) (internal quotations omitted).

Accordingly, Plaintiffs' claim must be dismissed for failure to state a claim upon which relief may be granted. *See e.g., Delino v. Platinum Comm. Bank*, 628 F. Supp. 2d 1226, 1231—32 (S.D. Cal. 2009) (dismissing a RESPA claim brought pursuant to section 2605(b)(1) for failure to state a claim); *Gutierrez v. PNC Mortg.*, No. 10cv01770-AJB-RBB, 2012 WL 1033063, at *7 (S.D. Cal. Mar. 26, 2012) (finding that a plaintiff alleging only that "Defendants failed to notify him when his loan was transferred for servicing" had failed to state a claim under section 2605(b)(1)).

## CONCLUSION

Based on the above, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' complaint, (Doc. No. 1), and **DENIES AS MOOT** Plaintiffs' motion to proceed in forma pauperis, (Doc. No. 2). *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("It is also clear that [§] 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). Plaintiffs have ***sixty days*** from the date of this order's issuance to submit a first amended complaint correcting the

deficiencies noted herein. At that time, Plaintiffs may resubmit their IFP motion. Failure to amend the complaint will result in the Court's dismissal of this case.

**IT IS SO ORDERED.**

Dated: February 28, 2017

Hon. Anthony J. Battaglia
United States District Judge